**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court, District of Columbia.

Feb. 9, 1989.

Order Feb. 14, 1989.

---

## ORDER DENYING STAY

GESELL, District Judge.

The Motion of the Attorney General for a stay is denied.

This prosecution is governed by the Ethics in Government Act (Independent Counsel statute), 28 U.S.C.A. § 591 *et seq.* (Supp.1988). With a few limited exceptions not relevant here, section 594 and the pertinent Independent Counsel regulations, 28 C.F.R. §§ 600.1 and 601.1, place "full power and independent authority to exercise all investigative and prosecutorial functions and powers of the Department of Justice, the Attorney General, and any other officer or employee of the Department of Justice" in the exclusive control of Independent Counsel Walsh. In particular, 28 U.S.C. § 594(a)(3) provides that the Independent Counsel's functions include "appealing any decision of a court in any case or proceeding in which such independent counsel participates in an official capacity." Independent Counsel Walsh opposes the motion.

The Attorney General's belated general appearance is wholly misplaced. As the Court has previously ruled, his only authority at this stage is his statutory prerogative under Section 6(e) of the Classified Information Procedures Act. He has not invoked that authority by filing the required affidavit. The Attorney General's attempt to appeal is therefore frivolous and at odds with the purposes of the laws establishing the Independent Counsel.

The Court will complete seating a jury and six alternates sometime this morning and will then inform the Clerk of the United States Court of Appeals for the District of Columbia Circuit that it is about to swear the jury and commence opening

statements. The Court will, of course, abide by any instructions the Court of Appeals may have as to this matter at that time.

SO ORDERED.

### ORDER

For reasons stated in open court this day following full briefs and oral argument, it is hereby

ORDERED:

1. Only Independent Counsel will be recognized as responsible for the day-to-day conduct of this case in the United States District Court.

2. Independent Counsel may avail himself of all rights granted to the Attorney General under CIPA except the filing of an affidavit under § 6(e) seeking to terminate the case or any count, which right the Attorney General exclusively retains to protect the nation's security. The Independent Counsel has the exclusive right under Section 7 to initiate an interlocutory appeal on any evidentiary point, and may, pursuant to § 6(e) and § 8(c), prevent the introduction of classified information, after it has proposed substitutions, offered proffers, or suggested other alternatives which the Court has rejecting after ruling in favor of the defendant on evidentiary matters.

3. The Court confirms its prior rulings as summarized in Exhibit A of the Government's Motion for Final Pretrial Clarification Concerning Classified Information, except as to Number 9. With respect to country names, the substitutions outlined in the December 12, 1989 Order at paragraph (3) may be used without prior approval of the Court, but a country's identity may still be masked on a further timely showing.

4. The defense and prosecution shall seek bench rulings before departing from these rulings during direct, cross, or when presenting a classified document, thereby giving the Independent Counsel the opportunity to contest relevance, materiality and admissibility or to promptly take an action consistent with paragraph (2) above.

5. Trial shall await further action by the United States Supreme Court.

6. The Government's Motion for Final Pretrial Clarification Concerning Classified Information is granted in part, denied in part, and remains pending with respect to the *quid pro quo* arrangements until receipt of defendant's suggestions tomorrow.