**In re: SEALED CASE NO. 98–3069**

**No. 98–3069.**

United States Court of Appeals,
District of Columbia Circuit.

July 16, 1998.

BEFORE: EDWARDS, Chief Judge;
WALD, SILBERMAN, WILLIAMS,
GINSBURG, SENTELLE, HENDERSON,
RANDOLPH, ROGERS, TATEL and
GARLAND, Circuit Judges.

A statement of Circuit Judge
SILBERMAN concurring in the denial of
rehearing in banc is attached.

Circuit Judges SENTELLE and
GARLAND did not participate in this
matter.

### *O R D E R*

PER CURIAM:

Upon consideration of appellant's Suggestion for Rehearing *In Banc,* and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the suggestion be denied.

SILBERMAN, Circuit Judge, concurring in the denial of rehearing *in banc*:

This is the first time in 13 years on this Court that I have seen a petition for rehearing or an appellant's brief that does not state the identity of the party petitioning or appealing in the caption of the brief. *See* Petition for Rehearing and Suggestion for Rehearing *In Banc* (cover page) (reprinted in the Appendix to this opinion). There is a good reason. It is now established beyond dispute that, under the Ethics in Government Act, the Independent Counsel stands in place of the Attorney General and represents the United States in any proceeding within his or her jurisdiction. *See* 28 U.S.C. § 594(a) (1994) (providing that the Independent Counsel has "full power and independent authority to exercise all investigative and prosecutorial functions and powers of the Department of Justice [and] the Attorney General"). The

Independent Counsel's briefs therefore are captioned as the briefs of the United States. The Attorney General, apparently all too aware of this problem, filed a petition without identifying, in its caption, the party she is representing. Yet on the first page of the brief she purports to represent the United States. *See* Petition for Rehearing and Suggestion for Rehearing *In Banc* at 1 ("The United States, acting through the Attorney General ...."). That is analytically impossible. We cannot have two opposing lawyers before us representing the same named party. *See United States v. ICC,* 337 U.S. 426, 430, 69 S.Ct. 1410, 93 L.Ed. 1451 (1949) (recognizing general principle that "no person may sue himself"); *see also United States v. Providence Journal Co.,* 485 U.S. 693, 706, 108 S.Ct. 1502, 99 L.Ed.2d 785 (1988) (finding startling the proposition that "there is more than one 'United States' that may appear before this Court").

Nor is this simply a matter of captioning. Even if under certain circumstances it can be thought that two entities of the executive branch can litigate against themselves under Article III, *see United States v. Nixon,* 418 U.S. 683, 694–97, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (holding justiciable a suit between the special prosecutor and the President); *United States v. ICC,* 337 U.S. at 432, 69 S.Ct. 1410 (permitting suit between ICC and Attorney General either on the grounds that private railroads were the real parties in interest or that the ICC is an independent agency), the Attorney General lacks prudential standing under the Ethics in Government Act. That Act provides that the Independent Counsel replaces the Attorney General with respect to all matters within the Independent Counsel's prosecutorial jurisdiction. *See* 28 U.S.C. § 594(a). Indeed, the Act specifically mandates that the Department of Justice and the Attorney General "suspend all investigations and proceedings regarding" the subject matter of the Independent Counsel's investigation. *See* 28 U.S.C. § 597(a). Unless the Independent Counsel agrees in writing to permit the Department of Justice to continue its involvement in the case, *see*

*id.*,[1] the Attorney General is permitted to file only an *amicus brief* in such a proceeding. *See* 28 U.S.C. § 597(b). An *amicus brief*, of course, would be inadequate here because if the Attorney General is not permitted to "represent" the United States (the Treasury Department) neither is any other government lawyer. It seems clear to me then that no one in the United States Government, speaking for the government, has standing to oppose the Independent Counsel in this proceeding, and, therefore, neither we nor the district court have jurisdiction over this case.[2]

That, as should be apparent, means that it is up to the Independent Counsel—the surrogate Attorney General in this matter—to decide whether the "privilege" asserted by the Secret Service as a government entity should be recognized. It might be thought that it is somewhat anomalous to permit an Independent Counsel to decide on his or her own whether the Secret Service should be compelled to testify before a grand jury investigating the President of the United States. But the Ethics in Government Act contemplates that an Independent Counsel—performing the role of Attorney General—would determine the appropriate balance between national security and law enforcement interests in a particular case. *See* § 594(a)(6). Indeed, that was one of the very reasons this court, *see In re Sealed Case*, 838 F.2d 476, 503 (D.C.Cir.1988), and later Justice Scalia in dissent, *see Morrison v. Olson*, 487 U.S. 654, 708, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988)

(Scalia, J., dissenting), thought the statute unconstitutional. But the Supreme Court majority brushed those concerns aside. So Congress and the Supreme Court have crossed that bridge.

Of course the President is entitled to personal representation against the Independent Counsel and it would be open to him to assert any personal privilege, but it seems even more farfetched than is the present claim to conclude that he would have a *personal* protection privilege—which I suppose is why the case is postured as it is. But the notion, about which the panel was dubious, that the newly minted Secret Service Protection Privilege is being asserted by the Treasury Department, independent of the President, seems to me to be a constitutional absurdity.[3] The Attorney General is, in effect, acting as the President's counsel under the false guise of representing the United States, contrary to the whole purpose and structure of the Ethics in Government Act. I am mindful of the terrible political pressures and strains of conscience that bear upon senior political appointees of the Justice Department when an Independent Counsel (or special prosecutor) is investigating the President of the United States. Those strains are surely exacerbated when the President's agents declare "war" on the Independent Counsel. *See, e.g., Meet the Press* (NBC television broadcast, Jan. 25, 1998) (interview with James Carville), *transcript available in* 1998 WL 8609952. (Can it be said that the President of the United States

---

1. As we have said before, the "principal aim of [section 597(a)] is to 'prevent[ ] investigations by the Department of Justice which would duplicate and possibly impede the work of Independent Counsel.' " *United States v. Wilson*, 26 F.3d 142, 148 (D.C.Cir.1994) (quoting *In re Sealed Case*, 829 F.2d 50, 56 (D.C.Cir.1987)). Accordingly, courts have previously rejected the Attorney General's attempts to appeal decisions that an Independent Counsel chose not to pursue. *See, e.g., United States v. North*, 713 F.Supp. 1441, 1441 (D.D.C.1989) (remarking that the Attorney General's attempt to appeal was "frivolous and at odds with the purposes of the laws establishing the Independent Counsel"); *see also United States v. Fernandez*, 887 F.2d 465, 469 (4th Cir. 1989) (holding that Congress intended the special prosecutor to "exercise the power to appeal with independence from the Department of Justice").

2. *See* John Q. Barrett, *All or Nothing, or Maybe Cooperation: Attorney General Power, Conduct, and Judgment in Relation to the Work of an Independent Counsel*, 49 Mercer L.Rev. 519, 537 n. 86 (1998) (noting that this court, in an unpublished opinion (of Judges Wald, Ruth Bader Ginsburg, and myself), dismissed an appeal of Attorney General Thornburgh in the *North* case on the grounds that he had no standing).

3. *See In re Sealed Case*, 1998 WL 370584, at *6, —— F.3d —— (D.C.Cir. Jul.7, 1998). That the supposed privilege furthers the interest of the Secret Service is not a reason to conclude that, if such a privilege were recognized, it would belong to the Secret Service and not the President. After all, the attorney-client privilege very much serves lawyers' interest, but it can only be asserted by the client.

has declared war on the United States?) The Act, however, limits the options that the Attorney General can legally (and honorably) pursue. Litigating against the Independent Counsel in this case as the representative of the United States is not among them.[4] *See United States v. Wilson*, 26 F.3d 142, 150 (D.C.Cir.1994) (stating that "the principal aim of the independent counsel provisions is to guard the court-appointed prosecutor from undue influence by the Administration in general *and the DOJ in particular*") (em-

phasis added); *see also* S. REP. No. 170, 95th Cong., 2d Sess. 66 (1977), *reprinted in* 1978 U.S.CODE CONG. & ADMIN. NEWS 4216, 4282 ("The whole purpose of [the Act] is defeated if a special prosecutor is not independent and does not have clear authority to conduct a criminal investigation and prosecution without interference, supervision, or control by the Department of Justice.").[5] Although I think the panel opinion is substantively correct, I would dismiss the case as outside our jurisdiction.

4. In pleadings before the Supreme Court, filed on the same day that our order denying rehearing issued, the Department more forthrightly, if not more persuasively, named Secretary Rubin and the Director of the United States Secret Service as the named parties.

5. Quite contrary to the actions of the Justice Department in this case, the Act specifically man-

dates that the Justice Department provide assistance to the Independent Counsel. *See* 28 U.S.C. § 594(d)(1).

## Appendix

[ORAL ARGUMENT HEARD ON JUNE 26, 1998]

No. 98-3069

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

### IN RE: SEALED CASE

## ON APPEAL FROM THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF COLUMBIA

## PETITION FOR REHEARING
## AND SUGGESTION FOR REHEARING IN BANC

JANET RENO
 Attorney General

FRANK W. HUNGER
 Assistant Attorney General

STEPHEN W. PRESTON
 Deputy Assistant Attorney
 General

OF COUNSEL:

EDWARD S. KNIGHT
 General Counsel
 U.S. Dep't of Treasury

THOMAS E. DOUGHERTY
 Senior Counsel
 U.S. Secret Service

MARK B. STERN
 (202) 514-5089
MICHAEL S. RAAB
 (202) 514-4053
MARIA SIMON
 (202) 514-1278
 Attorneys, Appellate Staff
 Civil Division
 U.S. Department of Justice
 601 D Street, N.W., Room 9108
 Washington, D.C. 20530-0001