United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed July 16, 1998

 No. 98-3069

 In Re: Sealed Case No. 98-3069

---------

 BEFORE: Edwards, Chief Judge; Wald, Silberman, 
Williams, Ginsburg, Sentelle, Henderson, Randolph, 
Rogers, Tatel and Garland, Circuit Judges.

 O R D E R

 Upon consideration of appellant's Suggestion for Rehearing 
In Banc, and the absence of a request by any member of the 
court for a vote, it is

 ORDERED that the suggestion be denied.

 Per Curiam

 FOR THE COURT:

 Mark J. Langer, Clerk

 BY:

 Robert A. Bonner

 Deputy Clerk


 A statement of Circuit Judge Silberman concurring in the 
denial of rehearing in banc is attached.

 Circuit Judges Sentelle and Garland did not participate 
in this matter.


 Silberman, Circuit Judge, concurring in the denial of re-
hearing in banc: This is the first time in 13 years on this 
Court that I have seen a petition for rehearing or an appel-
lant's brief that does not state the identity of the party 
petitioning or appealing in the caption of the brief. See 
Petition for Rehearing and Suggestion for Rehearing In Banc 
(cover page) (reprinted in the Appendix to this opinion). 
There is a good reason. It is now established beyond dispute 
that, under the Ethics in Government Act, the Independent 
Counsel stands in place of the Attorney General and repre-
sents the United States in any proceeding within his or her 
jurisdiction. See 28 U.S.C. s 594(a) (1994) (providing that the 
Independent Counsel has "full power and independent au-
thority to exercise all investigative and prosecutorial func-
tions and powers of the Department of Justice [and] the 
Attorney General"). The Independent Counsel's briefs there-
fore are captioned as the briefs of the United States. The 
Attorney General, apparently all too aware of this problem, 
filed a petition without identifying, in its caption, the party 
she is representing. Yet on the first page of the brief she 
purports to represent the United States. See Petition for 
Rehearing and Suggestion for Rehearing In Banc at 1 ("The 
United States, acting through the Attorney General . . . ."). 
That is analytically impossible. We cannot have two opposing 
lawyers before us representing the same named party. See 
United States v. ICC, 337 U.S. 426, 430 (1949) (recognizing 
general principle that "no person may sue himself"); see also 
United States v. Providence Journal Co., 485 U.S. 693, 706 
(1988) (finding startling the proposition that "there is more 
than one 'United States' that may appear before this Court").

 Nor is this simply a matter of captioning. Even if under 
certain circumstances it can be thought that two entities of 
the executive branch can litigate against themselves under 
Article III, see United States v. Nixon, 418 U.S. 683, 694-97 
(1974) (holding justiciable a suit between the special prosecu-
tor and the President); United States v. ICC, 337 U.S. at 432 
(permitting suit between ICC and Attorney General either on 
the grounds that private railroads were the real parties in 

interest or that the ICC is an independent agency), the 
Attorney General lacks prudential standing under the Ethics 
in Government Act. That Act provides that the Independent 
Counsel replaces the Attorney General with respect to all 
matters within the Independent Counsel's prosecutorial juris-
diction. See 28 U.S.C. s 594(a). Indeed, the Act specifically 
mandates that the Department of Justice and the Attorney 
General "suspend all investigations and proceedings regard-
ing" the subject matter of the Independent Counsel's investi-
gation. See U.S.C. s 597(a). Unless the Independent Coun-
sel agrees in writing to permit the Department of Justice to 
continue its involvement in the case, see id.,1 the Attorney 
General is permitted to file only an amicus brief in such a 
proceeding. See 28 U.S.C. s 597(b). An amicus brief, of 
course, would be inadequate here because if the Attorney 
General is not permitted to "represent" the United States 
(the Treasury Department) neither is any other government 
lawyer. It seems clear to me then that no one in the United 
States Government, speaking for the government, has stand-
ing to oppose the Independent Counsel in this proceeding, 
and, therefore, neither we nor the district court have jurisdic-
tion over this case.2
__________
 1 As we have said before, the "principal aim of [section 597(a)] 
is to 'prevent[ ] investigations by the Department of Justice which 
would duplicate and possibly impede the work of Independent 
Counsel.' " United States v. Wilson, 26 F.3d 142, 148 (D.C. Cir. 
1994) (quoting In Re: Sealed Case, 829 F.2d 50, 56 (D.C. Cir. 
1987)). Accordingly, courts have previously rejected the Attorney 
General's attempts to appeal decisions that an Independent Counsel 
chose not to pursue. See, e.g., United States v. North, 713 F. Supp. 
1441, 1441 (D.D.C. 1989) (remarking that the Attorney General's 
attempt to appeal was "frivolous and at odds with the purposes of 
the laws establishing the Independent Counsel"); see also United 
States v. Fernandez, 887 F.2d 465, 469 (4th Cir. 1989) (holding that 
Congress intended the special prosecutor to "exercise the power to 
appeal with independence from the Department of Justice").

 2 See John Q. Barrett, All or Nothing, or Maybe Cooperation: 
Attorney General Power, Conduct, and Judgment in Relation to 
the Work of an Independent Counsel, 49 Mercer L. Rev. 519, 537 n. 
86 (1998) (noting that this court, in an unpublished opinion (of 
Judges Wald, Ruth Bader Ginsburg, and myself), dismissed an 
appeal of Attorney General Thornburgh in the North case on the 
grounds that he had no standing).

 That, as should be apparent, means that it is up to the 
Independent Counsel--the surrogate Attorney General in this 
matter--to decide whether the "privilege" asserted by the 
Secret Service as a government entity should be recognized. 
It might be thought that it is somewhat anomalous to permit 
an Independent Counsel to decide on his or her own whether 
the Secret Service should be compelled to testify before a 
grand jury investigating the President of the United States. 
But the Ethics in Government Act contemplates that an 
Independent Counsel--performing the role of Attorney Gen-
eral--would determine the appropriate balance between na-
tional security and law enforcement interests in a particular 
case. See s 594(a)(6). Indeed, that was one of the very 
reasons this court, see In Re: Sealed Case, 838 F.2d 476, 503 
(D.C. Cir. 1988), and later Justice Scalia in dissent, see 
Morrison v. Olson, 487 U.S. 654, 708 (1988) (Scalia, J., 
dissenting), thought the statute unconstitutional. But the 
Supreme Court majority brushed those concerns aside. So 
Congress and the Supreme Court have crossed that bridge.

 Of course the President is entitled to personal representa-
tion against the Independent Counsel and it would be open to 
him to assert any personal privilege, but it seems even more 
farfetched than is the present claim to conclude that he would 
have a personal protection privilege--which I suppose is why 
the case is postured as it is. But the notion, about which the 
panel was dubious, that the newly minted Secret Service 
Protection Privilege is being asserted by the Treasury De-
partment, independent of the President, seems to me to be a 
constitutional absurdity.3 The Attorney General is, in effect, 
acting as the President's counsel under the false guise of 
representing the United States, contrary to the whole pur-
pose and structure of the Ethics in Government Act. I am 
mindful of the terrible political pressures and strains of 

__________
 3 See In Re: Sealed Case, 1998 WL 370584, at *6 (D.C. Cir. Jul. 
7, 1998). That the supposed privilege furthers the interest of the 
Secret Service is not a reason to conclude that, if such a privilege 
were recognized, it would belong to the Secret Service and not the 
President. After all, the attorney-client privilege very much serves 
lawyers' interest, but it can only be asserted by the client.

conscience that bear upon senior political appointees of the 
Justice Department when an Independent Counsel (or special 
prosecutor) is investigating the President of the United 
States. Those strains are surely exacerbated when the Presi-
dent's agents declare "war" on the Independent Counsel. 
See, e.g., Meet the Press (NBC television broadcast, Jan. 25, 
1998) (interview with James Carville), transcript available in 
1998 WL 8609952. (Can it be said that the President of the 
United States has declared war on the United States?) The 
Act, however, limits the options that the Attorney General 
can legally (and honorably) pursue. Litigating against the 
Independent Counsel in this case as the representative of the 
United States is not among them.4 See United States v. 
Wilson, 26 F.3d 142, 150 (D.C. Cir. 1994) (stating that "the 
principal aim of the independent counsel provisions is to 
guard the court-appointed prosecutor from undue influence 
by the Administration in general and the DOJ in particu-
lar ") (emphasis added); see also S. Rep. No. 170, 95th Cong., 
2d Sess. 66 (1977), reprinted in 1978 U.S. Code Cong. & 
Admin. News 4216, 4282 ("The whole purpose of [the Act] is 
defeated if a special prosecutor is not independent and does 
not have clear authority to conduct a criminal investigation 
and prosecution without interference, supervision, or control 
by the Department of Justice.").5 Although I think the panel 
opinion is substantively correct, I would dismiss the case as 
outside our jurisdiction.

__________
 4 In pleadings before the Supreme Court, filed on the same day 
that our order denying rehearing issued, the Department more 
forthrightly, if not more persuasively, named Secretary Rubin and 
the Director of the United States Secret Service as the named 
parties.

 5 Quite contrary to the actions of the Justice Department in 
this case, the Act specifically mandates that the Justice Department 
provide assistance to the Independent Counsel. See 28 U.S.C. 
s 594(d)(1).

 A p p e n d i x

 [ORAL ARGUMENT HEARD ON JUNE 26, 1998]

 No. 98-3069
 ______________________________________________________________________
 ______________________________________________________________________

 IN THE UNITED STATES COURT OF APPEALS
 FOR THE DISTRICT OF COLUMBIA CIRCUIT
 ________________________________________

 IN RE: SEALED CASE
 ________________________________________

 ON APPEAL FROM THE UNITED STATES DISTRICT
 COURT FOR THE DISTRICT OF COLUMBIA
 ______________________________________

 PETITION FOR REHEARING
 AND SUGGESTION FOR REHEARING IN BANC
 ________________________________________
 JANET RENO
 Attorney General
 FRANK W. HUNGER
 Assistant Attorney General

 STEPHEN W. PRESTON
 Deputy Assistant Attorney
 General

 OF COUNSEL: MARK B. STERN
 (202) 514-5089
 EDWARD S. KNIGHT MICHAEL S. RAAB
 General Counsel (202) 514-4053
 U.S. Dep't of Treasury MARIA SIMON
 (202) 514-1278
 THOMAS E. DOUGHERTY Attorneys, Appellate Staff
 Senior Counsel Civil Division
 U.S. Secret Service U.S. Department of Justice
 601 D Street, N.W., Room 9108
 Washington, D.C. 20530-0001
 ______________________________________________________________________
 ______________________________________________________________________