# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2480

_____

Louise Casey,                                      *
                                                   *
    Plaintiff - Appellant,                         *
                                                   *   Appeal from the United States
v.                                                 *   District Court for the
                                                   *   Eastern District of Missouri.
City of St. Louis,                                 *
                                                   *
    Defendant - Appellee.                          *

_____

Submitted: February 17, 2000

Filed: May 2, 2000

_____

Before RICHARD S. ARNOLD, LOKEN, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Louise Casey worked for many years as a secretary to the Zoning Administrator in the Building and Inspection Division of the City of St. Louis's Department of Public Safety. In 1994, after years of receiving "outstanding" job performance ratings, Casey applied to transfer to a secretarial position outside the Department, claiming she had become "slower" at typing and routine office tasks and wanted a position in "a slow office." In early 1995, with that request pending, Casey began working for a new Zoning Administrator, John Koch. In his April 1996 annual performance rating, Koch rated Casey as "Must Improve" in all job categories and placed her on a Mandatory

Improvement Program requiring that she improve her telephone answering skills, her compliance with procedures for scheduling Conditional Use proceedings, and her typing accuracy. Though Casey appealed this adverse service rating, the City's Department of Personnel upheld Administrator Koch's Work Quality, Work Quantity, and Overall ratings.

During the summer and fall of 1996, Koch continued to criticize Casey's work performance in writing, and he initiated two suspensions without pay for failing to publish notice of a conditional use hearing and for failing to appear for work or to report the reason for an unexplained four-day absence. In December 1996, Casey at age sixty two took early retirement, advising friends that she was forced to retire by Koch's constant berating of her job performance. She then commenced this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, claiming that the City constructively discharged her because Koch's constant, personally belittling criticism, accompanied by an occasional reference to her as "old lady," created an intolerable workplace and caused her serious stress and anxiety.

The City moved for summary judgment, and the parties submitted voluminous documents as well as Casey's lengthy deposition testimony. The district court[1] granted the City's motion, concluding that Koch's stray references to Casey as "old lady," to which Casey testified she paid no attention at the time, were not direct evidence of age discrimination; that the record was replete with evidence of Koch's dissatisfaction with Casey's job performance deficiencies, some of which she acknowledged; and that Casey could not prove constructive discharge on account of age because "[t]here is no evidence that age discrimination, rather than performance difficulties, prompted the reprimands that plaintiff found so 'intolerable.'" Casey appeals, arguing that she presented sufficient evidence that Koch's constant criticism was age-related and

---

[1]The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

rendered her working conditions intolerable.  We have carefully reviewed the summary judgment record *de novo* and conclude that summary judgment was properly granted for the reasons stated in the district court's thorough Memorandum dated April 21, 1999.  Accordingly, we affirm.  <u>See</u> 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.