# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-2803
_____

Nancy Woods

*Plaintiff - Appellant*

v.

The Circuit Attorney's Office of the City of St. Louis, et al.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 14, 2021
Filed: August 25, 2021
[Unpublished]
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Kimberly Gardner, an African American, was elected Circuit Attorney of the City of St. Louis and took office in January 2017. Nancy Woods, a 64-year-old Caucasian, was then employed as a paralegal in the Child Support Unit (CSU) of the Circuit Attorney's Office. In November of 2017, Gardner gave CSU Director John Dockery, a 67-year-old Caucasian who had worked in the office for 43 years, the

option to retire or be fired. On the day Dockery retired, Woods yelled "they fucking fired John" and "fuck this office" multiple times in the halls of the Circuit Attorney's Office.[1] In January 2018, Woods began a verbal altercation with coworker Carletta Fielder over new assignments. Fielder reported the altercation to Chief Clerk Eula Simmons, Woods' African American supervisor. Simmons cautioned Woods, "you will not have another outburst again in this office."

Simmons prepared a memorandum confirming this conversation and reported the incident to Michael Warrick, the Office's African American Chief of Staff. Warrick investigated, credited Fielder's account, and prepared a memorandum recommending the Office "reinforce to Ms. Woods that [it] has a zero tolerance of verbal or physical confrontations amongst or between employees."[2] Warrick orally advised Gardner of the memorandum. Gardner told Woods she could resign or be fired. Woods chose termination, filed a charge of discrimination with the Equal Employment Opportunity Commission, and then commenced this action against the Circuit Attorney's Office, Gardner, Simmons, Warrick, and Robert Steele, Gardner's African American First Assistant, asserting state and federal causes of action for race and age discrimination and a civil conspiracy claim.

The district court[3] granted defendants' motion for summary judgment, dismissing all claims. Woods v. The Circuit Attorney's Office of the City of St. Louis, et al., No. 4:19-cv-01401, Mem. & Order (E.D. Mo. July 28, 2020). Woods appeals the grant of summary judgment and earlier discovery orders. Reviewing the former *de novo* and discovery rulings for abuse of discretion, we affirm.

---

[1]Woods does not dispute she yelled profanities in the workplace.

[2]The Office personnel manual provides, "unprofessional behavior will not be tolerated and will be subject to discipline up to and including termination."

[3]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

1. Woods first argues the district court erred in concluding she failed to present direct evidence of race and age discrimination. Woods relies primarily on her recollection of two statements. First, she argues that Steele's statement during an all-staff meeting months before Woods's termination -- "You people might think we're stupid because we're poor and black, but we're not" -- was direct evidence of intentional racial discrimination. The district court concluded this stray comment by a non-decisionmaker was not direct evidence under controlling Eighth Circuit law. We agree. See, e.g., St. Martin v. City of St. Paul, 680 F.3d 1027, 1033 (8th Cir. 2012) (direct evidence must show "a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding . . . that an illegitimate criterion actually motivated the adverse employment action"). Second, Woods argues that Gardner's statement in their introductory conversation in January 2017 -- "Oh really, why are you still here?" -- was direct evidence of age discrimination. The district court concluded this comment "was a reaction to Woods's statement of her tenure, not her age," and therefore is not direct evidence of age discrimination. Again, we agree. See Casey v. City of St. Louis, 212 F.3d 385 (8th Cir. 2000).

2. Alternatively, Woods argues the district court erred in concluding she failed to present sufficient evidence that defendants' legitimate non-discriminatory reasons for termination -- shouting profanities when Dockery retired and the altercation with Fielder were contrary to the Office's unprofessional behavior policy, and Woods had an "over-all negative attitude toward the new administration of the Circuit Attorney's Office" -- were a pretext for intentional race and age discrimination. After discussing at length the evidence on which Woods relied in arguing she made a sufficient indirect showing of pretext, including evidence of other employment decisions by Gardner that allegedly demonstrated a pattern of race and age discrimination, the district court concluded that "Woods has failed to show that Defendants' legitimate, non-discriminatory reasons for her termination were pretextual." After careful *de novo* review of the summary judgment record, we agree with the district court's

thorough analysis of these issues. The civil conspiracy claim fails for these same reasons. See Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999).

3. Finally, Woods argues the district court abused its discretion in denying her motion to compel production of the employment records of an employee who was terminated by Gardner for similar reasons to Woods, which the Circuit Attorney's Office claimed were privileged, and in denying her motion to reopen the deposition of Gardner out-of-time. See Fed. R. Civ. P. 30(a)(2)(A)(ii). Woods argues that these evidentiary rulings deprived her of evidence showing that other employment decisions by Gardner support Woods's claim of intentional discrimination.[4]

We "will not reverse a district court's discovery ruling absent a gross abuse of discretion resulting in fundamental unfairness." Gov't of Ghana v. ProEnergy Servs., LLC, 677 F.3d 340, 344 (8th Cir. 2012) (quotation omitted). The district court ordered defendants to produce specific personnel records responsive to specific requests for the production of documents. After this production, when Woods pressed for more, the district court directed that both sides respond to specific alleged deficiencies in defendants' discovery responses. On appeal, Woods's lengthy argument, focused on insignificant discovery issues, totally fails to make the requisite showing -- that "the district court's discovery ruling[s] prevented [Woods] from adequately opposing Appellees' motion for summary judgment." Rowles v. Curators of Univ. of Mo., 983 F.3d 345, 354 (8th Cir. 2020). There was no gross abuse of discretion, most likely no abuse at all.

The judgment of the district court is affirmed. See 8th Cir. Rule 47B.

_____

---

[4]Woods's further contention, that we should reverse because the district court abused its discretion in making other discovery rulings of little significance to its final order, is frivolous.