# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2714

_____

| | |
|---|---|
| Government of Ghana, | * |
| | * |
| Movant - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| ProEnergy Services, LLC; ProEnergy | * |
| Services International, Inc.; Balkan | * |
| Energy Company, | * |
| | * |
| Defendants - Appellees. | * |

_____

Submitted: February 16, 2012
Filed: May 1, 2012

_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

The Government of Ghana filed an application for discovery pursuant to 28 U.S.C. § 1782, seeking documents exchanged in a separate lawsuit between the current defendants. Section 1782 allows federal courts to provide assistance in gathering evidence for use in foreign tribunals. Under § 1782(a), a district court of the district in which a person resides may order that person to produce documents in

accordance with the Federal Rules of Civil Procedure. The district court[1] granted Ghana's application and ordered the Missouri companies, ProEnergy Services, LLC and ProEnergy Services International, Inc. (collectively, "ProEnergy"), to produce documents. ProEnergy produced some documents and discovery materials from its lawsuit with Balkan Energy Company, but it refused other documents related to the settlement of that lawsuit. Ghana requested that the court direct ProEnergy to produce the settlement documents, but the district court denied Ghana's request. We affirm.

I.

The origins of this appeal are rooted in a dispute between Ghana and Balkan.[2] In 2007, Balkan contracted with Ghana to refurbish and recommission a 125 mega-watt power barge over a ninety-day period. Balkan initially hired ProEnergy as a subcontractor to complete the work, and for reasons not pertinent to the current appeal, ProEnergy left the job before finishing. At the end of the contracted ninety days, Ghana and Balkan each alleged that the other had failed to live up to its part of the agreement. Balkan commenced arbitration in The Hague, arguing that Ghana failed to properly connect the barge to the national power grid and failed to pay contracted fees. Ghana initiated a lawsuit in the Ghanaian High Court of Justice,

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

[2]There are three different companies involved in this dispute bearing variations on the name "Balkan": a limited liability company formed in the United Kingdom, its subsidiary in Ghana, and a U.S. corporation. There has been confusion about the relationship between these companies, in part because of the U.S. corporation's inability to correctly identify for the district court the state in which it was incorporated. Although the parties have discussed the implications that arise out of the various contractual agreements entered into by each of the Balkan entities, the confused relationship between those entities does not bear on the narrow review currently before this court. For convenience, we will refer to them collectively as "Balkan."

arguing that Balkan failed to recommission the barge within the contracted time frame and damaged the barge such that it has never become operational.

While these foreign actions were pending, Balkan was also involved in a domestic suit against ProEnergy. Balkan and ProEnergy each filed competing claims relating to the other's performance on the refurbishment project, and the dispute was eventually consolidated in the Western District of Missouri. In its Missouri litigation, Balkan argued that ProEnergy had performed its work negligently and damaged the barge and that ProEnergy was untimely in its efforts. However, in the foreign litigation, Balkan claims that the refurbishment of the barge was completed on time and that the barge would have been fully operational but for failures on the part of Ghana. Noting that Balkan's Missouri claims seemed to contradict, or at least conflict with, its international claims, Ghana sought discovery assistance from the Western District of Missouri. Ghana's § 1782 application sought from ProEnergy—which is not a party to either the arbitration in The Hague or the suit before the Ghanaian High Court of Justice—all documents related to its lawsuit with Balkan.

On February 7, 2011, the district court granted Ghana's application. Four days later, on February 11, Balkan and ProEnergy settled their dispute and the Missouri lawsuit was soon thereafter dismissed with prejudice. On February 24, Balkan moved to intervene in Ghana's request for discovery assistance and moved to have the court reconsider its order granting the application. ProEnergy also moved for a protective order to shield itself from Ghana's discovery request.

The district court permitted Balkan's intervention, but on June 6, 2011, denied its motion for reconsideration. The court also denied ProEnergy's motion for a protective order, noting that ProEnergy had made no attempts to confer with Ghana's counsel to resolve the discovery dispute, as required by Fed. R. Civ. P. 26(c)(1). The court instructed counsel for both sides to confer in good faith regarding the documents

requested, and the court stated that it would schedule a telephone conference to resolve matters if the parties could not come to an agreement.

After conferring with counsel for Ghana, ProEnergy produced court documents exchanged from its suit with Balkan, such as depositions, interrogatory answers, and requests for production of documents. However, ProEnergy refused to produce documents relating to the final settlement agreement with Balkan. The district court held a brief telephone conference on July 21, 2011, to resolve whether ProEnergy should be directed to produce those settlement documents. After establishing that ProEnergy was not involved in the foreign litigation and that it had already produced many court documents from the Balkan lawsuit, the court indicated that it did not believe Ghana was entitled to the settlement documents. On July 22, the district court filed its order denying Ghana's request for documents relating to ProEnergy's settlement agreement with Balkan. Ghana appeals.

II.

Appellate courts review a district court's decision on a § 1782 application for abuse of discretion. United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001). Ghana argues that the district court abused its discretion by ruling that Ghana's request did not meet the broad and permissive standard of discovery established in § 1782. However, § 1782 does not establish a standard for discovery. Instead, it provides for a threshold determination of whether to allow foreign litigants to enjoy discovery in U.S. courts in accordance with federal rules. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264–66 (2004) (describing the discretionary factors a district court may consider when deciding whether to grant a § 1782 application). The manner in which discovery proceeds will be determined by normal discovery rules. See Weber v. Finker, 554 F.3d 1379, 1384 (11th Cir. 2009) ("Once discovery is authorized under § 1782, the federal rules, Fed. R. Civ. P. 26–36, contain the relevant practices and procedures for the taking of testimony and the production

of documents." (internal quotation omitted); <u>Heraeus Kulzer, GmbH v. Biomet, Inc.</u>, 633 F.3d 591, 597 (7th Cir. 2011) ("The section 1782 screen—the judicial inquiry that the statute requires—is designed for preventing abuses of the right to conduct discovery in a federal district court for use in a foreign court. Once the court has determined that such abuses are unlikely, the ordinary tools of discovery management, including [Fed. R. Civ. P.] 26, come into play; and with objections based on the fact that discovery is being sought for use in a foreign court cleared away, section 1782 drops out.").

The district court granted Ghana's § 1782 application on February 7, 2011 and rejected Balkan's motion for reconsideration on June 6, 2011. Those orders are not in dispute. In denying ProEnergy's motion for a protective order, however, the court indicated that discovery would proceed in accordance with the Federal Rules, and directed both parties to confer about the requested documents. Thus, on appeal, the district court's decision to limit which documents must be produced is governed by our normal review of discovery orders—not by a standard established by § 1782. <u>See</u> <u>Heraeus</u>, 633 F.3d at 597–99; <u>see also</u> <u>Intel</u>, 542 U.S. at 266 (noting "that § 1782(a) authorizes, but does not require, discovery assistance" and instructing the lower court to consider "the controls on discovery available to the District Court, <u>see, e.g.</u>, Fed. Rule Civ. Proc. 26(b)(2) and (c)" when determining "what, if any, assistance is appropriate.").

Under the Federal Rules, any unprivileged[3] matter that is relevant to a party's claim or defense is generally discoverable. Fed. R. Civ. P. 26(b)(1). However, "[a]ppellate review of a district court's discovery rulings is 'both narrow and deferential.'" Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 360 (8th Cir. 2003) (quoting Moran v. Clarke, 296 F.3d 638, 650 (8th Cir. 2002) (en banc)). The court "will not reverse a district court's discovery ruling 'absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (quoting McGowan v. Gen. Dynamics Corp., 794 F.2d 361, 363 (8th Cir. 1986)).

Ghana argues that the district court erred in its ruling because settlement agreements are routinely found relevant. However, our review of discovery orders is narrow, and it is not sufficient for Ghana to merely demonstrate that the district court could or should have found the settlement agreement discoverable; it must

---

[3]Ghana contends that the district court's phone-conference statements indicated that it declined to compel production because the documents were entitled to a "settlement privilege." We have not had occasion to consider whether a settlement privilege exists within this circuit. Although federal courts possess the authority to recognize novel privileges under Fed. R. Evid. 501 by examining "common law principles . . . in the light of reason and experience," see Jaffee v. Redmond, 518 U.S. 1, 8 (1996), the district court offered no analysis regarding a settlement privilege. We have no reason to assume that the district court intended to acknowledge a novel claim to privilege. See United States v. Robertson, 606 F.3d 943, 960 (8th Cir. 2010) ("We presume that 'trial judges know the law and . . . apply it in making their decisions.'" (quoting Walton v. Arizona, 497 U.S. 639, 653 (1990))). Although ProEnergy has described the settlement documents as "confidential," ProEnergy does not appear to ask our court to acknowledge a settlement privilege, like the privilege acknowledged by the Sixth Circuit in Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976 (6th Cir. 2003). We do not address the merits of such a claim. See In re Subpoena Duces Tecum Issued to Commodity Futures Trading Commission, 439 F.3d 740, 754–55 (D.C. Cir. 2006) (declining to address settlement privilege where the record "lacked a sufficient factual context within which to evaluate" whether Jaffee could be satisfied).

demonstrate a gross abuse of discretion. Ghana believes that the district court abused its discretion by denying discovery of documents that may reveal information about how Balkan and ProEnergy assessed their allocation of liability. Ghana asserts that details about how Balkan and ProEnergy resolved their dispute will directly bear on its claim that Balkan did not deliver a fully operational barge on time. Yet Ghana does not need to demonstrate the allocation of blame between Balkan and ProEnergy to establish that Balkan failed to deliver a fully operational barge.

The primary use Ghana identifies for the settlement documents is for impeachment purposes. Ghana has not, however, demonstrated that the settlement documents would add to the impeachment value of the documents already produced by ProEnergy. Federal rules prohibit the use of settlement documents at trial to prove liability or to impeach through inconsistent statements or contradiction. See Fed. R. Evid. 408(a). It would seem, therefore, that federal rules would not allow Ghana to use the documents in the manner it desires.[4] Although it is true that documents need not be admissible in court to be discoverable under 26(b)(1), it generally is not an abuse of discretion for a district court to deny discovery when the intended use of a document would be prohibited at trial.

---

[4]Ghana argues that representatives of ProEnergy may testify on behalf of Balkan at the arbitration in The Hague, and that it could therefore use the documents to establish bias or prejudice under Fed. R. Evid. 408(b). However, Ghana has not explained why the court documents already produced would be insufficient to establish such a bias, and why the settlement documents would not therefore be cumulative or prejudicial under Fed. R. Evid. 403. See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 982–83 (6th Cir. 2003) (denying discovery request for settlement documents because intended use under Rule 408(b) was unnecessary and therefore more prejudicial than probative); EEOC v. Gear Petroleum, Inc., 948 F.2d 1542, 1546 (10th Cir. 1991) ("The risks of prejudice and confusion entailed in receiving settlement evidence are such that often the underlying policy of Rule 408 requires exclusion when a permissible purpose can be discerned." (alterations and quotation omitted)).

Even assuming documents that indicate the distribution of liability between Balkan and ProEnergy are relevant to the foreign litigation, we are not convinced the district court committed reversible error by limiting discovery. "If a party can demonstrate a gross abuse of discretion by the trial court (bearing in mind that in the discovery arena the trial judge's discretion is particularly broad), then the complaining party must also demonstrate prejudice." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 381–82 (8th Cir. 1992) (citations omitted); see also Miscellaneous Docket Matter No. 1 v. Micellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (noting that "even if relevant, discovery is not permitted where no need is shown" (internal quotation marks omitted)). Ghana has not demonstrated it needs to discover the documents in question from ProEnergy—who is not party to either foreign litigation—instead of directly from Balkan.[5]

Although Ghana argues that ProEnergy's settlement was with a subsidiary of Balkan that was not party to the contract with Ghana, it has not demonstrated why this would render discovery of the settlement agreement outside the coercive power of The Hague. Ghana is correct to note that there is no exhaustion requirement under § 1782

---

[5]Ghana cites to only one case in which a court compeled a non-party to produce a relevant settlement agreement. In JZ Buckingham Investments LLC v. United States, 78 Fed. Cl. 15 (Fed. Cl. 2007), a plaintiff challenging an IRS order issued a subpoena to a non-party, seeking information on how the IRS had calculated a penalty it imposed on that non-party. The court questioned whether such information would be admissible in court, but it concluded that it was relevant to the plaintiff's argument about inconsistent treatment. Id. at 20. In considering whether the subpoena was overly burdensome, the court noted the importance of the movant's non-party status; however, the plaintiff demonstrated his need to obtain the information from the non-party. Not only had the plaintiff originally sought the information from the IRS (and was denied), he also had demonstrated that the IRS could invoke the protection of federal regulations preventing it from disclosing confidential taxpayer information. Id. at 24–25. In the present case, Ghana has not demonstrated an unsuccessful attempt to obtain the information from Balkan, or any legal protection Balkan could invoke to avoid discovery.

that would require it to seek discovery of the documents in the foreign forum before asking for the assistance of a district court. See In re Metallgesellschaft AG, 121 F.3d 77, 79 (2d Cir. 1997). However, as outlined above, our review is not of whether Ghana has established its threshold need for § 1782 assistance, but instead whether Ghana has demonstrated that the district court abused its discretion by limiting that assistance, and whether Ghana was prejudiced by that decision. Because ProEnergy has already produced most of the documents, depositions, and interrogatory answers from its lawsuit with Balkan, and because ProEnergy is not party to the foreign litigation, we are not persuaded that any fundamental unfairness was caused by the district court declining to compel production of the settlement documents.

Accordingly, we affirm the decision of the district court.

_____