# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2024

Lyle W. Cayce
Clerk

———————

No. 24-20007

———————

Banco Mercantil de Norte, S.A., Institucion de Banca Multiple, Grupo Financiero Banorte; Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Multiple, Grupo Financiero Banorte,

*Plaintiffs—Appellees*,

*versus*

Juan Jose Paramo,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-MC-1188

———————————————————

Before Wiener, Elrod, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

Under 28 U.S.C. § 1782, foreign parties may petition our federal courts to obtain discovery beyond the reach of their home jurisdictions. The statute delineates three requirements, and courts weigh four additional discretionary factors, the "*Intel* factors," that govern these requests. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Section 1782 petitions are often initially considered *ex parte*. However, once the target of the requested discovery is served, that target may resist the discovery

demands, often via a motion to quash. We have previously held that a district court must offer reasoning whenever it *grants* a motion to quash § 1782 discovery. Today, we clarify that district courts must also explain *denials* of such motions. Because the district court did not do so in this case, we vacate and remand.

## I.

Depending on who tells the story, Defendant-Appellant Juan Jose Paramo is either an honest Mexican businessman caught up in a loan dispute or a fugitive from justice who fled to the United States hoping to evade the consequences of large-scale fraud he perpetrated in Mexico. The two Plaintiffs-Appellees—Banco Mercantil de Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte; and Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Múltiple, Grupo Financiero Banorte (together, the Banorte Parties)—espouse the latter view. They seek to advance their Mexican civil lawsuit against Paramo by obtaining documents that may help them locate and seize his allegedly ill-gotten gains. To that end, the Banorte Parties filed an *ex parte* request for discovery assistance under 28 U.S.C. § 1782. The district court granted their petition in a brief order and authorized the subpoenas they requested.[1] The Banorte Parties then effectuated service of the relevant § 1782 subpoena on Paramo at a mansion in Spring, Texas, where he was purportedly residing.

On November 13, 2023, Paramo filed a motion challenging the Banorte Parties' § 1782 application and seeking to quash the § 1782 subpoena. The Banorte Parties responded on December 1, 2023. Under the

---

[1] There were three subpoenas, one each for Paramo, Mauricio Simbeck, the owner of the Texas property where Paramo was allegedly residing, and Charles Crawford Foster, Paramo's immigration attorney. Neither Simbeck nor Foster are parties to this appeal.

relevant local rules, Paramo was allowed seven calendar days after the response to file any reply. Yet, four days after the Banorte Parties filed their response, without waiting for his reply or convening a hearing, the district court denied Paramo's motion in a one-page order, which states in its entirety:

> Pending before the Court is Respondent Juan Jose Paramo's Motion Opposing § 1782 Application and Motion to Quash Banorte Subpoena. (Dkt. No. 17). After reviewing the Motion, the Response, the record and the applicable law, the Court is of the opinion that it should be **DENIED**.
>
> It is SO ORDERED.

After the district court denied Paramo's motion to quash, Paramo timely appealed, but he did not request a stay of the district court's ruling.

Since then, the Banorte Parties have attempted to secure discovery from Paramo in the district court by filing a motion to compel and for sanctions, and a separate motion for sanctions. *See* Mot. to Compel Produc. of Docs. by Juan Jose Paramo Riestra, *Banco Mercantil De Norte, S.A., et al. v. Juan Jose Paramo*, No. 4:23-mc-1188 (S.D. Tex. Feb. 27, 2024), ECF No. 25; Mot. for Sanctions Against Somaris & JJ Properties LLC, Juan Jose Paramo Riestra, and Counsel, *Banco Mercantil*, No. 4:23-mc-1188 (July 16, 2024), ECF No. 36. The district court recently granted the Banorte Parties' motions in part. *See* Mem. Op. and Order, *Banco Mercantil*, No. 4:23-mc-1188 (Aug. 14, 2024), ECF No. 40 (motion to compel and for sanctions); Mem. Op. and Order, *Banco Mercantil*, No. 4:23-mc-1188 (Aug. 15, 2024), ECF No. 41 (motion for sanctions). After Paramo separately noticed appeals of both those orders, the district court stayed its order partially granting the Banorte Parties' motion to compel and for sanctions pending appeal. *See*

No. 24-20007

Mem. Op. and Order, *Banco Mercantil*, No. 4:23-mc-1188 (Aug. 23, 2024), ECF No. 51.[2]

## II.

We review discovery rulings, such as a district court's denial of a motion to quash, for abuse of discretion. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004). Under this standard, we "will affirm the district court's decision unless it is 'arbitrary or clearly unreasonable.'" *Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012) (quoting *Wiwa*, 392 F.3d at 817). "In § 1782(a) litigation, this court reviews de novo whether a party satisfied § 1782(a)'s statutory prerequisites, and we review a district court's weighing of the *Intel* factors for abuse of discretion." *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.* (*Banca Pueyo II*), 55 F.4th 469, 473 (5th Cir. 2022) (citing *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 (5th Cir. 2010)).

## III.

Paramo challenges the district court's rejection of his motion to deny § 1782 discovery and quash the ensuing subpoena both procedurally and

---

[2] The district court's recent rulings on the Banorte Parties' motions do not deprive us of jurisdiction to resolve this appeal. *Cf. Banca Pueyo SA v. Lone Star Fund IX (US), L.P.* (*Banca Pueyo I*), 978 F.3d 968 (5th Cir. 2020). In *Banca Pueyo I*, which also involved denial of a motion to quash a § 1782 subpoena, this court dismissed the appeal for lack of jurisdiction because the underlying discovery parameters had been amended by a second motion to quash that was filed and partially granted during the appeal. *Id.* at 971–73. Here, the district court's recent orders merely carry forward the discovery requests enumerated in Paramo's § 1782 subpoena, albeit now with the threat of sanctions for non-compliance. *See* Mem. Op. and Order, *Banco Mercantil*, No. 4:23-mc-1188 (Aug. 14, 2024), ECF No. 40. The court's order granting the Banorte Parties' second motion sanctions Paramo and his attorneys for abusive deposition tactics; it does not amend the district court's underlying discovery orders either. *See* Mem. Op. and Order, *Banco Mercantil*, No. 4:23-mc-1188 (Aug. 15, 2024), ECF No. 41. Therefore, the scope of discovery has been "definitively resolved" in this matter such that "an appeal [is] appropriate." *Id.* at 974.

substantively. Paramo contends that procedurally, the district court should have explained its decision and that it violated its own local rules by depriving him of the opportunity to file a reply in support of his motion. On substance, Paramo asserts that his motion to quash should have been granted because the *Intel* factors favor him and because the scope of the Banorte Parties' § 1782 request offends Federal Rule of Civil Procedure 45.[3] We agree that the district court abused its discretion by failing to articulate any reasons for its ruling. Because this determination is dispositive, we do not reach Paramo's other asserted grounds for relief.

While this court has not explicitly stated that a district court must explain its reasoning when denying a motion to quash a § 1782 subpoena, we hardly break new ground by saying so today, based on our prior precedent. *See, e.g.*, *Banca Pueyo II*, 55 F.4th at 476 (requiring district courts properly "to consider . . . arguments and evidence" in this posture). The closest analogue to this case is *Texas Keystone*, where this court vacated a district court's decision to grant a motion to quash a § 1782 subpoena. 694 F.3d at 556. There, "the district court abused its discretion . . . by providing no reasons for its decision." *Id.* The Banorte Parties contend that "this case is distinguishable from *Texas Keystone*" because here, "the district court referenced and analyzed the relevant factors." But the Banorte Parties do not explain how the court's three-sentence order denying Paramo relief is materially different from the one-sentence order this court found infirm in *Texas Keystone*. *Id.* at 552. Moreover, *Texas Keystone* is aligned with precedent requiring reasoned decisions in other discovery disputes.[4] Indeed,

---

[3] In addition to satisfying the statutory and discretionary factors, § 1782 subpoenas must also comply with "normal federal discovery rules." *Texas Keystone*, 694 F.3d at 556.

[4] It is beyond cavil that district courts are "not required to state findings or conclusions" when ruling on every motion. FED. R. CIV. P. 52(a)(3). But, *inter alia*,

No. 24-20007

*Texas Keystone* drew upon this court's prior decisions in *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board*, 878 F.2d 875 (5th Cir. 1989), and *Wiwa*, 392 F.3d 812, and endorsed their holdings in the § 1782 context. The same analysis obtains here.

In *Sandsend*, the district court quashed a subpoena without waiting for a response, without holding a hearing, and without issuing a reasoned opinion. 878 F.2d at 877–78. This court observed that the district court had taken "extraordinary measures without issuing an opinion, leaving us only to speculate on the reasons for its actions." *Id.* at 878. Because we could not "divine on which of the many possible grounds the court quashed the subpoena and [could not] effectively review its action in doing so," *id.*, this court reversed the district court, *id.* at 882. Much as there, we struggle to discern the basis of the district court's order here, which hamstrings our ability to review its ruling.[5]

Similarly, in *Wiwa*, the district court proffered no reasons for its decision to quash a subpoena and deny a motion to compel, and there was "no record evidence that the district court considered and applied the

---

"our precedent requires district courts to provide reasoning when they decline to issue a subpoena or when they quash a subpoena." *Bravo Express Corp. v. Total Petrochemicals & Refin. U.S.*, 613 F. App'x 319, 324 (5th Cir. 2015) (per curiam) (discussing *Texas Keystone*, 694 F.3d at 555, and *Wiwa*, 392 F.3d at 818–19).

[5] In *Sandsend* and *Texas Keystone*, this court further expressed concern that the respective district courts issued their orders without awaiting responses. *See Sandsend*, 878 F.2d at 881; *Texas Keystone*, 694 F.3d at 555–56. But it is not clear that this precedent neatly maps onto Paramo's local rules argument. Denial of a reply brief may not raise the same concerns as denial of a response brief, and "[c]ourts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court." *In re Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984); *see also United States v. Moreno*, 857 F.3d 723, 726 n.1 (5th Cir. 2017) (citing *In re Adams* for the same proposition). Moreover, Paramo fails to demonstrate that the district court's expedited procedure prejudiced him because he does not identify any novel argument that he intended to present via a reply brief.

[relevant] factors." 392 F.3d at 819. This court reversed, holding that "the district court abused its discretion when it quashed the subpoena and denied the motion to compel outright without giving any reasons whatsoever." *Id.* The *Wiwa* panel emphasized that "[i]n circumstances analogous to this situation—appellate review of a denial of a motion for abuse of discretion—we and other courts have held that a district court's denial of such a motion, unaccompanied by reasons—either written or oral—may constitute an abuse of discretion." *Id.* at 818.

As a final point of comparison, we look to *Banca Pueyo II*, 55 F.4th 469. There, the district court approved a magistrate judge's order denying a motion to quash a § 1782 subpoena. *Id.* at 472–73. While the district court's order was not as cursory as in *Sandsend* and *Wiwa*, it misapplied the law and expressly disregarded the substantive § 1782 arguments the parties had raised. *Id.* at 476. "By refusing to consider the appellants' arguments and evidence challenging whether the appellees satisfied the statutory criteria and the *Intel* factors to obtain § 1782(a) discovery, the district court misapplied the law and abused its discretion." *Id.* (first citing *Sandsend*, 878 F.2d at 881; and then *Texas Keystone*, 694 F.3d at 555). We thus read *Banca Pueyo II* to support the proposition that a district court cannot neglect the analysis of § 1782 issues when they are presented in the context of a motion to quash, whether the court grants or denies relief.

Considering this precedent, the district court's order denying Paramo's motion to quash is plainly deficient because it does not meaningfully engage with any of part of the § 1782 inquiry. Indeed, it does not engage at all beyond a barebones reference to "the Motion, the Response, the record and the applicable law." And the Banorte Parties' contention that the ruling is salvageable because "the district court referenced and analyzed the relevant factors" in its initial order granting § 1782 assistance is unavailing because, even there, the court did no more than recite the

applicable factors. Had the court analyzed the factors, even summarily, either in the instant order denying Paramo's motion or by reaffirming substantive analysis articulated in granting the initial § 1782 petition, this would be a different case.[6] But as it stands, we are left with a truncated order that discloses no way to discern what drove the district court's quick decision. *Cf. Sandsend*, 878 F.2d at 878 (reversing district court's order granting motion to quash because this court could not "effectively review its action"). This was reversible error.

## IV.

A district court must offer some explanation whenever it grants or denies a motion to quash § 1782 discovery. Here, the district court did not offer any reasoning to support its ruling beyond a cursory statement that it considered the parties' filings. That is not sufficient. Because the district court abused its discretion by failing to explain its denial of Paramo's motion to quash, we vacate its order and remand for further proceedings. We offer no forecast on the merits of Paramo's motion, leaving the district court to weigh the parties' arguments in the first instance.

VACATED and REMANDED.

---

[6] Just for comparison, and not by any means as a required template, in a parallel case involving the Banorte Parties and one of Paramo's companies, and under the same procedural posture, a Virginia district court recently denied a motion to quash a § 1782 subpoena in a 26-page opinion. *See In re Application of Banco Mercantil De Norte, S.A.*, No. 3:23-mc-08, 2023 WL 6690708 (E.D. Va. Oct. 12, 2023).