# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2025

Lyle W. Cayce
Clerk

No. 24-20542

Banco Mercantil del Norte, S.A., Institucion de Banca Multiple, Grupo Financiero Banorte; Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Multiple, Grupo Financiero Banorte

*Plaintiffs—Appellees*,

*versus*

Juan Jose Paramo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-MC-1188

_____

Before Elrod, *Chief Judge*, and Duncan and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Juan Jose Paramo again appeals the denial of his motion to quash a subpoena for foreign discovery issued under 28 U.S.C. § 1782. *See Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20542

(5th Cir. 2024); *Banco Mercantil de Norte, S.A. v. Paramo*, No. 24-20372, 2025 WL 570875 (5th Cir. Feb. 21, 2025). The discovery is sought by Plaintiffs-Appellees, foreign entities pursuing evidence to support their claims that they were defrauded by Paramo, a Mexican businessman now living in Texas. *See Banco Mercantil*, 114 F.4th at 759. A prior panel held that the district court failed to explain its denial of Paramo's motion to quash and therefore vacated and remanded, "leaving the district court to weigh the parties' arguments in the first instance." *Id.* at 762.

Following proceedings on remand, the district court again denied Paramo's motion to quash, this time accompanied by a lengthy opinion detailing its reasons. Paramo now appeals. We have jurisdiction to review the district court's order. *See Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 973–74 (5th Cir. 2020). Having reviewed the court's careful opinion, the record, and the parties' briefs, and having heard oral argument, we affirm.

On appeal, Paramo asserts various grounds for reversal, including that the district court (1) failed to follow the prior panel's mandate; (2) erred by rejecting Paramo's assertion of his Fifth Amendment and Mexican rights against self-incrimination; and (3) abused its discretion in applying the "*Intel* factors" used to evaluate § 1782 requests. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

We detect no error in the district court's ruling. In particular, the court assiduously followed the prior panel's mandate by conducting further proceedings on Paramo's motion to quash and then explaining its ruling in a comprehensive opinion. By doing so, the court "implement[ed] both the letter and the spirit of the [prior panel's] mandate." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (citation omitted). Paramo's arguments to the contrary are unavailing.

2

No. 24-20542

Nor did the court err in overruling Paramo's objections to the subpoena based on his rights against self-incrimination. As the court correctly found, Paramo's blanket objections were both untimely and insufficiently specific. *See* Fed. R. Civ. P. 45(d)(2)(B); Fed. R. Civ. P. 26(b)(5)(A); *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017); *Sec. & Exch. Com'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).[1]

Finally, Paramo fails to identify any abuse of discretion in the district court's application of the *Intel* factors. For instance, Paramo incorrectly claims the court ignored a Mexican Supreme Court ruling that, contrary to Paramo's assertion, says nothing about whether the Mexican government would be receptive to § 1782 discovery. *See Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022) (discussing this *Intel* factor). Nor is Paramo correct that threatened litigation shows the § 1782 proceeding "conceals an attempt to circumvent foreign proof-gathering restrictions." *Intel Corp.*, 542 U.S. at 264–65. Paramo references only an unfiled court complaint circulated to his counsel over a year after the present § 1782 application. *See, e.g.*, *Glock v. Glock, Inc.*, 797 F.3d 1002, 1006 (11th Cir. 2015) ("[W]e find nothing in the language of § 1782 that purports to limit later uses of evidence that have been properly obtained under § 1782."). Nor did the district court abuse its discretion in rejecting Paramo's argument that the subpoena is unduly burdensome. *See Banca Pueyo SA*, 55 F.4th at 473 (discussing this *Intel* factor).

---

[1] Indeed, once Paramo raised particularized objections, the district court wisely appointed a special master to evaluate any Fifth Amendment or Mexican-law privilege claims Paramo might have with respect to producing particular documents. Those distinct issues are beyond the scope of this appeal and do not impact our jurisdiction. *See Banca Pueyo SA*, 978 F.3d at 974 (court of appeals can review § 1782 order despite "ongoing dispute about its coverage and scope before a magistrate judge") (citation omitted).

No. 24-20542

Accordingly, the district court's order denying Paramo's motion to quash is AFFIRMED.