# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2025

Lyle W. Cayce
Clerk

————————

No. 24-20375

————————

Banco Mercantil De Norte, S.A., Institucion De Banc Multiple, Grupo Financiero Banorte; Arrendadora y Factor Banorte, S.A. De C.V.,

*Plaintiffs—Appellees*,

*versus*

Juan Jose Paramo,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-MC-1188

———————————————————————

Before Elrod, *Chief Judge,* Duncan and Engelhardt, *Circuit Judges.*
Per Curiam:[*]

Juan Jose Paramo appeals the district court's order imposing discovery-related sanctions. Because the district court did not abuse its discretion, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20375

I

As we stated in a prior appeal in this case, "[d]epending on who tells the story . . . [Defendant–Appellant] Paramo is either an honest Mexican businessman caught up in a loan dispute or a fugitive from justice who fled to the United States hoping to evade the consequences of large-scale fraud he perpetrated in Mexico." *Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 759 (5th Cir. 2024). "The two Plaintiffs–Appellees—Banco Mercantil de Norte, S.A., Institución de Banca Múltiple, Grupo Financiero Banorte; and Arrendadora y Factor Banorte, S.A. de C.V., Sociedad Financiera de Objeto Múltiple, Grupo Financiero Banorte (together, the Banorte Parties)—espouse the latter view." *Id.*

The Banorte Parties contend that, to "avoid compliance with the orders of the Mexican courts," Paramo concealed funds and assets and fled from Mexico to Texas. They seek to recover millions of dollars from Paramo via Mexican civil proceedings. In support of their efforts to locate Paramo and obtain documents and information related to the ongoing court proceedings in Mexico, the Banorte Parties filed an *ex parte* request in Texas district court pursuant to 28 U.S.C. § 1782 for discovery to be used in foreign proceedings. Concluding that the factors for issuance of an order under 28 U.S.C. § 1782 were satisfied, the district court granted their request.

Preliminary discovery obtained pursuant to the district court's order revealed that Paramo was residing in a 17,000-square-foot home in Spring, Texas, purchased for around $6.5 million by Somaris & JJ Properties LLC. Evidence of this purchase prompted the Banorte Parties to file another § 1782 request to obtain discovery from Somaris.[1] The district court granted

---

[1] Only this second § 1782 request by the Banorte Parties to obtain discovery from Somaris is at issue in this appeal. The Banorte Parties' original § 1782 request is the subject

their request and ordered that "the subpoena addressed to Somaris & JJ Properties may be issued and served." The subpoena directed Somaris to: (1) produce for deposition a corporate representative with "knowledge concerning the documents requested" and (2) produce documents, including: "agreements concerning the purchase of the Property," correspondence between Somaris and the seller, the Property's complete closing file, all documents regarding payments for the purchase or lease of the Property and the source of any such payments, correspondence between Paramo and Somaris and its related entities concerning the property, documents concerning the Mexican court proceedings and the Banorte Parties, and records concerning the exchange of funds between the Somaris-related entities. Paramo and Somaris's counsel identified Somaris's manager and signatory for purchases, Fabian Alejandro Olavarrieta Guerra, as the designated corporate representative for the deposition.

At his deposition, Olavarrieta testified that he was only a "sales employee" for one of Paramo's companies and that he had done "absolutely nothing" in connection with Somaris other than sign documents as instructed by Paramo "on a single occasion . . . without reading them." He further testified that he had no idea what Somaris did or what products it made; whether Somaris had any assets, debts, debtors, customers, related entities, or ultimate beneficial owner; who was paying Somaris's legal fees; or who had access to Somaris's bank accounts, books, and financial records. Olavarrieta also testified that he: had not assisted with gathering the documents requested in the subpoena; did not know who had gathered them; had not reviewed the documents to ensure their completeness; did not know

_____

of a separate appeal also pending before this court, namely, 24-20542, *Banco Mercantil v. Paramo*.

whether the documents were complete; and did not consider himself "knowledgeable" about the documents.

At the conclusion of Olavarrieta's deposition, the Banorte Parties' counsel reserved the right to either depose the person who did have the proper knowledge or seek costs or other appropriate relief associated with having deposed the wrong person. Somaris and Paramo's counsel acknowledged the objection but responded that Olavarrieta testified that "he was prepared" for the deposition.

The Banorte Parties moved for sanctions under FED. R. CIV. P. 37, contending that Paramo and his counsel had "obstructed the deposition testimony" of Somaris's corporate representative. The district court granted the motion in part, finding that an award of attorneys' fees and costs was appropriate because "Olavarrieta lacked the knowledge required of a Rule 30(b)(6) designee." However, despite a finding by the court that the hourly rates the Banorte Parties provided were reasonable, the court adjusted the total award downward based on its conclusion that the Banorte Parties would "benefit from some of the deposition preparation for the rescheduled deposition."[2] Ultimately, the district court awarded the Banorte Parties $31,836.70 in fees and $4,303.00 in costs jointly and severally from Somaris and Paramo. Paramo timely appealed.[3]

---

[2] In addition, the district court ordered Somaris "to fulfill its obligation by designating a person(s) with knowledge of the matters sought and preparing that person(s) so that they can fully, completely, and unevasively answer the questions posed as to the relevant subject matters." Paramo does not challenge on appeal that portion of the district court's order.

[3] The parties dispute whether Somaris is a party to this appeal. The Notice of Appeal is titled, "Respondent Somaris & JJ Properties LLC Notice of Appeal," but the body of the notice states, "Respondent Juan Jose Paramo . . . files this Notice of Appeal." And while Paramo and Somaris share counsel, that counsel has since entered appearances and submitted briefing only on Paramo's behalf. Thus, we consider Paramo to be the sole

No. 24-20375

## II

We first confirm that we have jurisdiction over this appeal.

This court "consider[s] section 1782 appeals under the collateral order doctrine that decides when discovery orders in regular litigation may be appealed." *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 972–73 (5th Cir. 2020). Under this approach, a § 1782 order is appealable when it "conclusively determine[s] whether, and to what extent, discovery might be required." *Id.* at 973; *see also id.* at 974 (recognizing that an appeal would be appropriate "[o]nce the district court fully resolves" "the scope of section 1782 discovery").

We have jurisdiction over this appeal because the district court's order imposing sanctions on Paramo and Somaris fully resolved the scope of the discovery to be obtained from Somaris, and no subsequent proceedings amended the scope of that discovery such that we were "deprive[d] of jurisdiction to resolve this appeal." *Paramo*, 114 F.4th at 760 n.2.

## III

We now consider whether the district court erred in sanctioning Paramo, concluding that it did not.

Rule 30(b)(6) provides the mechanism for deposing a corporation. "When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of

---

Appellant in this appeal. *See Batiste v. Lewis*, 976 F.3d 493, 508 (5th Cir. 2020) (explaining that under Fed. R. App. P. 3(c)(1)(A), the requirement that a notice of appeal "specify the party or parties taking the appeal by naming each one in the caption or body of the notice" is jurisdictional and liberally construed); *see also McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 515 (5th Cir. 2015); *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009).

the corporation with respect to the areas within the notice of deposition." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). "[T]he deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Id.* (alterations adopted and internal quotations marks omitted).

Rule 37(b), in turn, "empowers the courts to impose sanctions for failures to obey discovery orders." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)). Rule 37(b)(2) authorizes "a broad range of sanctions, including contempt," and it "authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Id.* "This court uses the 'lodestar' method to calculate attorneys' fees, which is applied by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for the work at issue." *Id.* at 490. "There is a strong presumption that the lodestar award is the reasonable fee." *Id.* (alteration adopted and internal quotations marks omitted).

We review a district court's imposition of sanctions and its award of attorneys' fees and costs for an abuse of discretion. *Id.* at 488 (imposition of sanctions); *Fessler v. Porcelana Corona de Mexico, S.A. de C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (award of attorneys' fees). "A district court abuses its discretion if it (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Fessler*, 23 F.4th at 415 (quoting *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016)).

Paramo argues on appeal that the district court abused its discretion in three ways. We find each of his arguments unavailing.

Paramo first contends that the district court abused its discretion by awarding discovery sanctions despite the Banorte Parties' failure to "abide by statutory conferral requirements." But—unlike Rules 37(a) and 37(d)—Rule 37(b) does not require a certificate of conference. *See* FED. R. CIV. P. 37(a), (b), (d). Regardless, the record reflects that the parties conferred both before and after Olavarrieta's deposition and that any further attempts to confer would have been futile. The district court therefore did not abuse its discretion in disregarding the alleged conferral requirement.

Paramo next urges that the district court abused its discretion by awarding sanctions based on Olavarrieta's lack of knowledge regarding issues that were outside the scope of the deposition. But the record indicates that Olavarrieta lacked knowledge of matters that were well within the scope of the deposition. Although the subpoena requested that Somaris provide a corporate representative "with knowledge" of the specific documents listed therein, during his deposition, Olavarrieta testified that he did not consider himself knowledgeable regarding those very documents. The district court therefore did not abuse its discretion in finding that "Olavarrieta lacked the knowledge required of a Rule 30(b)(6) designee." *See Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 196–98 (5th Cir. 1993) (sanctions appropriate where corporate representative "possessed no knowledge relevant to the subject matters identified in the Rule 30(b)(6) notice").

Paramo also insists that the district court abused its discretion by awarding attorneys' fees that were "five times higher than the reasonable hourly rate in the community" and by failing to perform the lodestar analysis. But the Banorte Parties submitted evidence supporting the reasonableness of their attorneys' hourly rates, including affidavits attesting to the complexity

of the case and the specialized knowledge and skillset required in that regard. *See Smith & Fuller*, 685 F.3d at 491 ("affidavits of counsel may alone be sufficient proof for purposes of Rule 37 to establish the amount of fees to be awarded"). And the district court adjusted its award of fees downward where appropriate. We therefore conclude that the district court did not abuse its discretion in finding that the attorneys' rates were reasonable, or in the method it used to calculate the total amount of fees and costs to be awarded.

Because there is no reversible error, we AFFIRM.